UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| NOLAN BRAND, | ) |
| Defendant. | ) 1:18-cr-0055 JMS-DML |

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to these charges:

1. NOLAN BRAND, the defendant herein, was a resident of the Southern District of Indiana.

2. The name "MINOR VICTIM 1" is the pseudonym of a minor child who was less than 16 years old at the time of the relevant conduct.

3. The name "MINOR VICTIM 2" is the pseudonym of a person who was less than 17 years old at the time of the relevant conduct.

4. BRAND produced visual depictions of MINOR VICTIM 1 using his cell phone, which was not manufactured in the State of Indiana, and, therefore travelled in interstate or foreign commerce.

5. BRAND used cell phones to receive and possess visual depictions of MINOR VICTIM 2 engaged in sexually explicit conduct. He received these images using interstate cellular signals or the internet, which is a means or facility of interstate or foreign commerce.

## Definitions

6. The term "minor" means a person under the age of eighteen (18) years as defined in 18 U.S.C. § 2256.

7. The term "sexually explicit conduct" as defined in 18 U.S.C. § 2256, means actual or simulated 1) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same sex or opposite sex; 2) masturbation; or 3) lascivious exhibition of the genitals or pubic area of any person.

8. The term "visual depiction" is defined in 18 U.S.C. § 2256(5) as including undeveloped film and videotape, data stored on computer disk or by other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## Count 1
## Sexual Exploitation of a Child
## 18 U.S.C. § 2251(a)

9. Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference in Count 1.

10. On or about September 29, 2017, within the Southern District of Indiana and elsewhere, the defendant, NOLAN BRAND, did use, employ, entice, persuade, induce, and coerce MINOR VICTIM 1 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such, knowing or having reason to know that such visual depiction would be transported or shipped in interstate or foreign commerce or mailed, or such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or such visual depiction was actually transported or shipped in interstate or foreign commerce or mailed.

All of which is a violation of 18 U.S.C. § 2251(a).

## Count 2
## Possession of a Device Containing
## Visual Depictions of Minors Engaged in Sexually Explicit Conduct
## 18 U.S.C. § 2252(a)(4)(B)

11.     Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference in Count 2.

12.     On or about December 4, 2017, in the Southern District of Indiana, the defendant, NOLAN BRAND, knowingly possessed one or more books, magazines, periodicals, films, video tapes, and other matter, which contained visual depictions that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, and shipped and transported in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported, by any means including by computer, where the producing of such visual depictions involved the use of minors engaging in sexually explicit conduct and such visual depictions were of such conduct, that is: the defendant knowingly possessed at least one device that contained one or more visual depictions of minors under the age of 18 years, that is an AT&T iPhone and a Samsung Tablet.

All of which is a violation of Title 18, United States Code, Section 2252(a)(4)(B).

# Count 3
## Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct
### 18 U.S.C. § 2252(a)(2)

13.   Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference in Count 3.

14.   On or between June 1, 2014 and August 1, 2014, in the Southern District of Indiana, the defendant, NOLAN BRAND, knowingly received or distributed any visual depiction using any means or facility of interstate or foreign commerce, by any means including by computer, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct, that is: the Defendant used a computer with a connection to the internet to receive visual depictions of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2)(A).

All of which is a violation of Title 18, United States Code, Section 2252(a)(2).

## Forfeiture

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the defendant that it will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Sections 2253 and 2254 as part of any sentence imposed.

2.      Pursuant to Title 18, United States Code, Section 2253, if convicted of the offenses set forth in Counts 1 through 3 of this Indictment, the defendant shall forfeit to the United States:

>   a.      any visual depictions described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depictions, which were produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;
>
>   b.      any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses of which the defendant is convicted, or any property traceable to such property, such as all computers, storage media, cameras and electronic equipment taken from his person or residence by law enforcement officers during the investigation of these offenses.   It also includes any property, real or personal, constituting or traceable to gross profits of other proceeds

6

derived from said offenses.

3. The property subject to forfeiture includes, but is not necessarily limited to all items confiscated from the Defendant on December 4, 2017, including a Samsung tablet, Apple laptop computer, a gray laptop computer, an AT&T iPhone and a 4 GB PNY micro SD card.

4. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 18, United States Code, Section 2253(b), if any of the property described above in paragraph 3, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

5. In addition, the United States may seek civil forfeiture of the property described above in paragraph 3 pursuant to Title 18, United States Code, Section 2254.

A TRUE BILL:

███████████
FOREPERSON

JOSH J. MINKLER
United States Attorney

By: _____
Kristina Marie Korobov
Assistant United State Attorney